**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-152-RJC-DSC**

| | |
|---|---|
| **ANGELINA TOMPKINS, on behalf of herself and her minor child, T.S.,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | )<br>) |
| **CHARLOTTE-MECKLENBURG SCHOOL SYSTEM, et. al.,** | )<br>)<br>)<br>) |
| **Defendants.** | ) |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss … Complaint" (document #7) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff has asserted claims for violation of her daughter's rights under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. 1400 <u>et. seq.</u>, the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et. seq.</u> ("ADA"), the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 <u>et. seq.</u>, and the North Carolina Persons with Disabilities Protection Act, N.C. Gen. Stat. § 168A-7

("NCPDPA"), as well as state law tort claims for intentional and negligent infliction of emotional distress and negligent supervision and training.

Accepting the allegations of the Complaint as true, the minor child T.S. was enrolled at Coulwood Middle School. During the 2013-2014 school year, Defendants denied T.S. reasonable accommodations in the school setting; caused bruising by using force and handcuffing her following an altercation with another student; denied her a free appropriate public education; violated her right to privacy by telling her that it was time to take her medication in front of other students; and caused serious emotional distress by not providing her with a safe learning environment.

On April 1, 2016, Plaintiff filed her Complaint on behalf of herself and T.S.

On May 18, 2016, Defendants filed their Motion to Dismiss.

On September 1, 2016, the Court <u>ordered</u> supplemental briefing "on the issue of Plaintiff's alleged failure to exhaust her administrative remedies, and particularly on the effect of Plaintiff's success on at least a portion of the administrative remedies she pursued." "Order" (document #14). On September 20, 2016, Plaintiff voluntarily dismissed her IDEA claim. On September 21, she filed a supplemental memorandum. On September 22, Defendant filed notice that it would not be filing a supplemental brief. Document #17. Accordingly, the Court finds that Defendant has abandoned its argument that Plaintiff failed to exhaust her administrative remedies.

The remainder of Defendant's Motion is ripe for disposition.

## II. <u>DISCUSSION</u>

A. <u>Standard of Review</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs.,</u>

Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Claim Under the North Carolina Persons with Disabilities Protection Act

The NCPDPA bars any action where plaintiff has simultaneously sought relief under Section 504 of the Rehabilitation Act or the ADA. N.C. Gen. Stat. § 168A-11(c); Cone ex rel Cone v. Randolph County Sch., 302 F. Supp. 2d 500, 514 (M.D.N.C. 2004). Accordingly, Plaintiff's NCPDPA claim should be dismissed.

### C. Claim Under the Family Educational Rights and Privacy Act

There is no private right of action for a violation of FERPA. 20 U.S.C. 1232(g); Wiggins v. Martin County Bd. Of Educ., 2004 U.S. Dist. LEXIS 27638, at 9 (E.D.N.C. 2004)("[E]nforcement of [FERPA] is left solely to the Secretary…. No private remedy is granted by statute.") Plaintiff's FERPA claim should be dismissed.

### D. State Common Law Claims

#### 1. Infliction of Emotional Distress Claims

The elements of an intentional infliction of emotional distress ("IIED") claim are "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." Waddle v. Sparks, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). The elements of a negligent infliction of emotional distress ("NIED") claim are that a defendant "(1) negligently engaged in conduct, (2) which was reasonably foreseeable would cause severe emotional distress, and (3) the conduct did, in fact, cause severe emotional distress." Barbier v.

Durham County Bd. of Educ., 225 F. Supp.2d 617, 628 (M.D.N.C. 2002) (citing McAllister v. Ha, 347 N.C. 638, 645, 496 S.E.2d 577, 582-83 (1998)).

The standard for what constitutes extreme and outrageous behavior in North Carolina is "a stringent one." Waddle, 331 N.C. at 83, 414 S.E.2d at 27. The plaintiff must show that defendant's actions were so extreme and outrageous that they exceeded all bounds usually tolerated by decent society. Dickens v. Puryear, 302 N.C. 437, 447, 276 S.E.2d 325, 331 (1981). Severe emotional distress means "any . . . type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Waddle, 331 N.C. at 83, 414 S.E.2d at 27 (citation and internal quotations omitted).

Plaintiff has not alleged actions "so extreme and outrageous that they exceeded all bounds usually tolerated by decent society." Dickens, 302 N.C. at 447, 276 S.E.2d at 331. Accordingly, her IIED claims fails.

Plaintiff has also failed to allege that her daughter suffered severe emotional distress as defined by the case law. Although Plaintiff alleges that her daughter was hospitalized with suicidal thoughts, she has not alleged what diagnoses were made, what treatment resulted, or what symptoms, if any, remain. For those reasons, both her IIED and NIED claims fail.

Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's IIED and NIED claims.

**2. Negligent Supervision and Training Claim**

In order to establish a claim for negligent supervision and training, plaintiff "must prove that the incompetent employee committed a tortious act resulting in injury to [the] plaintiff and that prior to the act, the employer knew or had reason to know of the employee's incompetency." Jackson v. FKI Logistex, 608 F. Supp.2d 705, 707 (E.D.N.C. 2009) (quoting Smith v. Privette,

128 N.C. App. 490, 494-95, 495 S.E.2d 395, 398 (1998)). An essential element is that the employee "committed a tortious act resulting in [the] Plaintiffs' injuries." Waddle v. Sparks, 331 N.C. 73, 87, 414 S.E.2d 22, 29 (1992). Since Plaintiff failed to plead an underlying tortious act, her claim for negligent training and supervision fails. Therefore, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to this claim.

### E. Punitive Damages and Attorney's Fees

Punitive damages are not generally available in actions against a governmental entity or its employees in their official capacities absent specific statutory authority. See Jackson v. Hous. Auth. of City of High Point, 316 N.C. 259 (1986); Long v. City of Charlotte, 306 N.C. 187 (1982). Plaintiff has not pled facts sufficient to support punitive damages under Section 504 of the Rehabilitation Act or the ADA. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's claim for punitive damages.

The undersigned respectfully recommends that Defendants' Motion be denied as to Plaintiff's claim for attorney's fees, pending the outcome of her remaining statutory claims.

Having recommended dismissal of all of Plaintiff's state law claims, the Court has not considered Defendants' related arguments asserting immunity as to those claims.

Finally, Defendants have raised the issue of service of process. It appears that Plaintiff has failed to serve Defendant Ferguson. Rather than recommend dismissal for improper service at this early stage in the proceedings, the Court will grant Plaintiff a final extension to obtain proper service. Following the extended deadline, the undersigned recommends that Defendants be allowed to re-assert their arguments as to immunity and service if applicable.

## III. ORDER

**IT IS HEREBY ORDERED** that the deadline for perfecting service of process on the Defendants is extended through November 7, 2016.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss … Complaint" (document #7) be **GRANTED IN PART** and **DENIED IN PART**, that is, Plaintiff's claims pursuant to the North Carolina Persons with Disabilities Protection Act, N.C. Gen. Stat. § 168A-11(c) ("NCPDPA"), and the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"); as well as Plaintiff's claims for Intentional and Negligent Infliction of Emotional Distress, Negligent Supervision and Training, and Punitive Damages be **DISMISSED WITH PREJUDICE**, and that the Motion be **DENIED** in all other respects.

The undersigned further recommends that denial of Defendants' Motion be without prejudice to their right to reassert their arguments as to immunity and service of process following close of the extended deadline.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: October 6, 2016

David S. Cayer
United States Magistrate Judge