UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00152-RJC-DSC

| | |
|---|---|
| ANGELINA TOMPKINS, ex. rel. T.S., ) )  Plaintiff, ) ) v. ) ) CHARLOTTE-MECKLENBURG SCHOOL ) SYSTEM, ) ) Defendant. ) ) | ORDER |

**THIS MATTER** comes before the Court on Defendant's Motion for Sanctions and Attorney's Fees. (Doc. No. 60.) The motion is ripe for adjudication.

I. BACKGROUND

On July 11, 2018, the Court entered a Pretrial Order and Case Management Plan. (Doc. No. 34.) Pursuant to the Pretrial Order, the trial was scheduled to begin on May 6, 2019, the parties were required to file their final witness and exhibits lists on or before April 8, 2019, and the parties were required to both exchange exhibits and file a trial brief on or before April 22, 2019. In addition, pursuant to Federal Rule of Civil Procedure 26(a)(3)(B), the parties were required to make pretrial disclosures on or before April 8, 2019.

Plaintiff failed to comply with the above deadlines. As a result, on April 22, 2019, Defendant, having complied with the pretrial deadlines, filed a motion in limine to exclude any witness, document, and exhibit that Plaintiff was required to disclose on or before April 8, 2019. (Doc. No. 46.)

The Court held a pretrial conference on April 24, 2019. During the conference, the Court found that Plaintiff had failed to comply with the pretrial deadlines set forth in the Court's order. Accordingly, the Court ordered Plaintiff's counsel to pay a $1,000 fine and an additional $100 per day until counsel complied with the Pretrial Order. That same day, Plaintiff filed her final exhibit and witness lists. (Doc. Nos. 48 to 49.) On April 26, 2019, Plaintiff filed a trial brief. (Doc. No. 47.) Plaintiff contends that she shared her exhibits with Defendant on April 24, 2019. Defendant, however, contends that it did not receive a copy of Plaintiff's exhibits until the morning of trial.

Defendant now moves for sanctions and attorney's fees pursuant to Rules 16(f) and 37(c).

## II. DISCUSSION

"Rule 16(f) of the Federal Rules of Civil Procedure provides that a Court may impose sanctions against a party or its attorneys, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), where a party or its attorney: (1) fails to appear at a pretrial conference; (2) is substantially unprepared to participate or does not participate in good faith in the conference; or (3) fails to obey a scheduling order or pretrial order." RDLG, LLC v. RPM Grp. Brokerage, LLC, No. 1:10-cv-204, 2012 U.S. Dist. LEXIS 144388, at *9 (W.D.N.C. Oct. 4, 2012). Rule 16(f) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Under Rule 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the Court, on motion and after giving an opportunity to be heard, may order payment of the reasonable expenses, including attorney's fees, caused by the failure and may impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1). The imposition of sanctions under Rule 37(c) is within the district court's broad discretion. See Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 (4th Cir. 2003).

The Court concludes that Plaintiff's noncompliance with the Pretrial Order was not substantially justified and no circumstances make an award of expenses unjust. Thus, the Court must, pursuant to the express language of Rule 16(f), order Plaintiff, Plaintiff's counsel, or both to pay Defendant's reasonable expenses, including attorney's fees. RDLG, LLC, 2012 U.S. Dist. LEXIS 144388, at *14. Defendant seeks attorney's fees in the amount of $784 that it incurred in drafting Defendant's motion in limine as a result of Plaintiff's failure to comply with the Pretrial Order. Plaintiff does not contest the hourly rate or time spent on the motion in limine, and the Court finds the amount of fees requested to be reasonable. Therefore, Plaintiff's counsel shall pay Defendant's attorney's fees in the amount of $784.

Defendant also moves for the imposition of additional sanctions but does not specify what additional sanctions it seeks. The Court has imposed a fine on Plaintiff's

3

counsel and ordered Plaintiff's counsel to pay Defendant's attorney's fees incurred as a result of Plaintiff's failure to comply with the Pretrial Order. In the exercise of its discretion, the Court concludes that no additional sanctions are warranted.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions and Attorney's Fees, (Doc. No. 60), is **GRANTED in part** and **DENIED in part**. Plaintiff's counsel shall pay Defendant $784 in attorney's fees. Defendant's request for additional sanctions is denied.

Signed: October 10, 2019

Robert J. Conrad, Jr.
United States District Judge